ERNEST R. LOCKE ET AL. *v.* FRIEDMAN KEILER ET AL.

[43 South., 673.]

JUDICIAL SALE. *Setting aside. Fraud. Evidence.*

A judicial sale will not be vacated on the charge that the purchaser fraudulently induced prospective purchasers not to bid against him for the property in the absence of clear, convincing and satisfactory evidence of the fraud.

FROM the chancery court of Leflore county.

HON. CAREY C. MOODEY, Chancellor.

Locke and others, the appellants, were complainants in the court below; Keiler and others, the appellees, were defendants

there. From a decree partly in complainants' favor the defendants appealed to the supreme court and the complainants prosecuted a cross-appeal.

The sole question decided in the case turned upon an enquiry whether the judicial sale of the property in controversy made in November, 1886, was invalid by reason of the purchaser having fraudulently induced prospective bidders not to bid against him at the sale.

*Gwin & Mounger,* for appellants.

*Green & Green, McClurg & Gardner,* and *L. P. Yerger,* for appellees.

Whitfield, C. J., delivered the opinion of the court.

We have been at the pains of careful and repeated examination of the facts in respect to the sale in November, 1886, as, indeed, of the whole record. When the chancellor was asked to set aside that sale, the question presented to him for solution was this: Does the evidence show clearly and convincingly that the corrupt agreement was made, and that the land was grossly sacrificed in consequence of that agreement? Or, to put it differently, is the court warranted, by testimony clear, convincing, and satisfactory, that the fraud alleged has been established? It would be idle to attempt to set out a full review of all the facts in this voluminous record. Suffice it to say that we have examined them, not once, but repeatedly. We have weighed them in every aspect in which the subject can be viewed, under the well-settled rule that fraud must not only be proven clearly and convincingly, and we are driven to the conclusion that the evidence in the record, taken as a whole, fails to meet the rule—fails to satisfy clearly and convincingly that there was such fraud as is alleged. There are many things which, if they were looked at by themselves alone, tend more or less strongly, some of them quite strongly, to sustain the bill;

but when this evidence is put in the balances, and weighed against the countervailing evidence, and the whole case made by the facts is tested by the rule we have stated, we cannot fail to hold that the chancellor erred, and manifestly erred, in setting aside the sale of November 1, 1886. Fraud is not a thing to be lightly charged, and most emphatically is not a thing to be lightly established. The stigma which follows from it is one not to be placed upon parties, unless the evidence measures squarely up to the requirements of the rule of satisfying a court clearly and convincingly of the truth of the fraud. Viewed as an entirety, the testimony in this case does not meet this rule, especially when it is considered that this sale was not challenged until some fifteen years after it had been made, and that several of the parties participating in the sale are dead, and, of course, not here to give their version of the matter.

*Wherefore the action of the chancellor in setting aside the sale of November 1, 1886, is reversed and the bill dismissed.*